RAUSCH ET AL., APPELLANTS, *v.* FARRINGTON CONSTRUCTION, INC. ET AL., APPELLEES.

(No. 16-86-1—Decided August 2, 1988.)

Mowery & Youell, Spencer M. Youell, James S. Mowery, Jr., Piacentino & Piacentino Co., L.P.A., and Michael Piacentino, for appellants.

Knepper, White, Arter & Hadden, Michael W. Currie, Millisor & Nobil Co., L.P.A., Roger L. Sobo and Thomas D. Rooney, for appellees.

SHAW, J. This is an appeal from a judgment on the pleadings and dismissal entered in the Common Pleas Court of Wyandot County, Ohio in which the plaintiffs-appellants, John Rausch et al., sued the defendant-appellee, Farrington Construction Inc. (Farrington), alleging violations of the prevailing wage law, R.C. Chapter 4115.

The Ohio Department of Industrial Relations (the department) conducted an investigation into complaints of

violations of the prevailing wage law by Farrington. As a result of the investigation, the department concluded that Farrington owed back wages to the plaintiffs. On May 17, 1984 and July 2, 1985, the director of the department (the director) issued letters to the plaintiffs informing them that back wages were owed to them. The letters provided in pertinent part:

"This Department has determined that you are due a total of * * * in back wages for the work you performed on this project. The aforementioned contractor has been advised of this decrepancy [sic] and told to send this office the back wages due you within the next (30) days. In the event that the contractor does not rectify the matter, you are advised that, in accordance with the provisions of Chapter 4115 of the Ohio Revised Code, you have the right to sue the contractor within sixty (60) days of the determination of non compliance to recover your wages."

A similar letter of notification was also sent simultaneously to Farrington.

The plaintiffs filed civil suits to recover the back wages in the Common Pleas Court of Wyandot County on July 16, 1984 and August 30, 1985. On Farrington's motion, the trial court rendered a judgment on the pleadings and dismissed the plaintiffs' complaints, ruling that the court had no jurisdiction because the director had not made a prerequisite "determination" as required by R.C. 4115.10.

The plaintiffs appeal and set forth a single assignment of error as follows: "* * * The trial court erred in granting defendants-appellees' motion for judgment on the pleadings, pursuant to Rule 12(C), by ruling that the Director of Industrial Relations had made no determination, as required by O.R.C. Section 4115.10, which is a prerequisite to the jurisdiction of the court."

The plaintiffs contend that the letters issued to them by the director advising them of their right to sue constituted "determinations" under R.C. 4115.10. We agree.

R.C. 4115.10(A) authorizes the filing of a suit for recovery in the common pleas court where an employee is paid less than the prevailing wage:

"* * * Any employee upon any public improvement who is paid less than the fixed rate of wages applicable thereto may recover from such person, firm, corporation, or Public Authority that constructs a public improvement with its own forces the difference between the fixed rate of wages and the amount paid to him and in addition thereto a sum equal in amount to such difference. The employee may file suit for recovery within sixty days of the director of industrial relations' determination of a violation of sections 4115.03 to 4115.16 of the Revised Code * * *."

Division (B) authorizes the director to file such a suit for recovery on behalf of the employee where the employee gives the director an assignment of his claim. Division (C) authorizes the director to file suit himself in the event the employee has not done so under Division (A) or has not provided an assignment of claim under division (B).

Farrington argues that the letters relied on by the plaintiffs as a basis for bringing suit in the common pleas court do not constitute "determinations" as contemplated by R.C. 4115.10(A), set forth above. In support of its position, Farrington relies on *State, ex rel. Harris,* v. *Williams* (1985), 18 Ohio St. 3d 198, 18 OBR 263, 480 N.E. 2d 471. Farrington contends that the Supreme Court of Ohio expressly rejected letters such as those issued in the instant case as "determinations" under R.C. 4115.10(A). In support of its argument, Farrington cites the following language from *Harris:*

"A review of the letter sent to the employees the same day, June 11, indicates that it merely advised them of their right to file suit under R.C. 4115.10. * * * Although the letter of June 11 was written in definitive language, it is clear from the concurrent letters to the employees and the provisions of R.C. 4115.10 that it was intended only as an effort to induce settlement and was not enforceable." *Id.* at 200-201, 18 OBR at 265, 480 N.E. 2d at 473.

In *Harris, supra,* the employees received letters nearly verbatim to those issued to the plaintiffs in the instant case. However, in that case, the *employer* initiated an *appeal* from the "determination" in the common pleas court. The employees moved to dismiss the appeal, arguing that the letter was not a final order subject to appeal. The Supreme Court held that "* * * where the department makes a determination after an investigation without a hearing under R.C. 4115.13 that an employer has paid less than the prevailing wage, which determination creates a right to sue under R.C. 4115.10, it is not an *adjudication* under R.C. 119.01(D) and is thus not subject to *appeal.*" (Emphasis added.) *Id.* at 202, 18 OBR at 266, 480 N.E. 2d at 474.

Thus, we find nothing in *Harris, supra,* rejecting the department's letters to the employees as "determinations" under R.C. 4115.10(A). On the contrary, *Harris* simply holds that letters issued pursuant to R.C. 4115.10 (A) are not *adjudication orders* subject to *appeal.* Indeed, the *Harris* court expressly compared the letters issued, in that case, to right-to-sue letters issued by the Equal Employment Opportunity Commission.

"A review of the letter sent to the employees * * * indicates that it merely advised them of their right to file suit under R.C. 4115.10. This right-to-sue letter is comparable to the right-to-sue letter provided by the Federal Equal Employment Opportunity Commission * * *. 'If and when the EEOC or the charging party files suit in the district court, the issue of discrimination will come to life, and the plaintiff will have the opportunity to refute the charges.' " *Harris, supra,* at 200-201, 18 OBR at 265, 480 N.E. 2d at 473.

In making further comparisons between the EEOC's and the department's right-to-sue letters, the court clearly treated the letters issued by the department as "determinations."

"* * * We find that the department's function in this case is an investigatory one, comparable to that of the EEOC, for the reason that the 'determination' of the department is not enforceable unless an appropriate court proceeding is filed." *Id.* at 202, 18 OBR at 266, 480 N.E. 2d at 474.

Accordingly, we conclude that the letters issued to the plaintiffs in the instant case were "determinations" as contemplated by R.C. 4115.10(A). The language of the letters expressly advised the plaintiffs that following an investigation, by the department, a determination had been made that the plaintiffs were due back wages from Farrington. Therefore, as contemplated by R.C. 4115.10(A), the plaintiffs were put on notice that they had sixty days to sue Farrington, which they did.

Farrington next contends that, even assuming the letters to be "determinations" under R.C. 4115.10(A), they are nevertheless invalid because R.C. 4115.13 requires the director to conduct a hearing prior to making a determination. R.C. 4115.13 authorizes the director of the department to both investigate complaints of violations of the prevailing wage law and conduct hearings:

"* * * For the purpose of the hearing, the director may designate a hearing examiner who shall * * * conduct a hearing and make findings of fact and recommendations to the director. The

director shall make a decision, which shall be sent to the affected parties * * *."

In support of its argument, Farrington relies upon the following language of the Supreme Court of Ohio in *Harris, supra,* at 202, 18 OBR at 266, 480 N.E. 2d at 473-474:

"* * * Further, since any determination made by the director upon investigation without a hearing would be invalid, the provisions of R.C. 4115.13 authorizing investigations without a prior hearing would be ineffective."

Again, however, a careful reading of *Harris* reveals that, in making the quoted statement, the court was reviewing the consequences of regarding "determinations" under R.C. 4115.10 (A) as final, appealable orders. Therefore, we do not interpret *Harris* as requiring a hearing prior to the making of a "determination" pursuant to R.C. 4115.10(A). On the contrary, the Supreme Court of Ohio makes a clear distinction between a *determination* under R.C. 4115.10 and an *adjudication* following a hearing under R.C. 4115.13. In one instance the department's function is investigatory and allows for a preliminary determination under R.C. 4115.10 to be made. In other limited circumstances, under R.C. 4115.13, the director may conduct hearings and issue adjudicative orders.

"Thus we find the department's function in this case is an investigatory one * * *. This is not to say, however, that there are no instances in which the director makes adjudication orders. R.C. Chapter 4115 leaves the possibility open that certain orders, entered after a hearing, are adjudication orders subject to appeal. One instance would be pursuant to R.C. 4115.13 where the director orders that the prevailing wage was not paid as the result of a misinterpretation of the statute or an erroneous preparation of the payroll documents." *Harris, supra,* at 202, 18 OBR at 266, 480 N.E. 2d at 474.

We therefore conclude that a hearing was not required prior to the director issuing the determination letters.

For the foregoing reasons, we find in the case before us that the "determinations" contemplated by R.C. 4115.10(A) as prerequisites to a civil suit were made by the director. Accordingly, the plaintiffs' assignment of error is well-taken, the judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings on the complaints.

*Judgment reversed*
*and cause remanded.*

MILLER and EVANS, JJ., concur.