HARRIS, DIRECTOR, ET AL., APPELLANTS, *v.* VAN HOOSE ET AL., APPELLEES.

[Cite as Harris *v.* Van Hoose (1990), 49 Ohio St. 3d 24.]

(No. 88-1956—Submitted December 12, 1989—Decided February 14, 1990.)

*Anthony J. Celebrezze, Jr.,* attorney general, *James G. Neary* and *Dan E. Belville,* for appellants.

*Oschenbein, Cole & Lewis* and *William S. Cole,* for appellees.

*Benesch, Friedlander, Coplan & Aronoff, N. Victor Goodman, John J. Duffey* and *Mark D. Tucker,* urging reversal for *amicus curiae* Ohio State Building and Construction Trades Council.

H. BROWN, J. Appellants contend that R.C. 4115.10(C) authorizes them to assert prevailing wage claims on behalf of workers who have not brought suit in their own names pursuant to R.C. 4115.10(A) and who have not assigned their claims to the Department of Industrial Relations pursuant to R.C. 4115.10(B). For the reasons which follow, we agree and reverse the judgment of the court below.

The dispute between the parties focuses on R.C. 4115.10(C), which provides in pertinent part:

"If after investigation * * * the director determines there is a violation of * * * [the prevailing wage provisions of R.C. Chapter 4115] and sixty days have elapsed from the date of the determination, and if:

"(1) No employee has brought suit pursuant to division (A) of this section;

"(2) No employee has requested that the director take an assignment of a wage claim pursuant to division (B) of this section;

"The director shall bring any legal action necessary to collect any amounts owed to employees and * * * shall pay over to the affected employees the amounts collected * * *."

Appellants argue that division (C) of the statute is ambiguous due to the lack of a conjunction between subdivisions (1) and (2). Here no employee filed suit. The statute does not expressly require that the condition stated in (C)(1) *and* the condition in (C)(2) both be met as a prerequisite to the director's authority to sue.

Appellants urge us to construe the statute so as to give the director authority to sue on behalf of all employees who do not sue on their own or assign their claims.

Appellees respond that the statute is unambiguous, and permits the director to bring an action *only if* no employee has filed suit and no employee has assigned a claim to the director.

The statute suffers from a number of ambiguities. The lack of an "and" or "or" between subdivisions (1) and (2) renders division (C) ambiguous because the legislature has failed to specify whether both conditions or only one must be met before the director must bring suit. The express language of division (C) also directly conflicts with division (B). If an employee assigns her claim under division (B), the director is required to bring suit on

the employee's behalf,[1] but division (C) (as interpreted by the court below) requires the director to bring an action *only* "if * * * no employee has requested that the director take an assignment of a wage claim pursuant to division (B) * * *." If one employee has assigned a claim and three have not, the statutory reading of division (C) by the court of appeals and by the appellees would foreclose the director from suing on behalf of both the assigning and the non-assigning employees. Thus the conflict between division (C) and division (B). Finally, the statute limits itself to mandatory actions of the director, and fails to specify what discretionary authority he may have in order to enforce the prevailing wage law as required by R.C. 4115.10(E).[2]

Where a statute is ambiguous, we are required to construe it in a manner which carries out the intent of the General Assembly. *Cochrel* v. *Robinson* (1925), 113 Ohio St. 526, 149 N.E. 871, paragraph four of the syllabus. R.C. 1.49 mandates that we consider both the objective of the statute and the consequences of any particular construction.

"[T]he primary purpose of the prevailing wage law is to support the integrity of the collective bargaining process by preventing the undercutting of employee wages in the private sector." *State, ex rel. Evans,* v. *Moore* (1982), 69 Ohio St. 2d 88, 91, 23 O.O.

3d 145, 147, 431 N.E. 2d 311, 313. The law provides "a comprehensive statutory procedure for effecting compliance with the prevailing wage law." *State, ex rel. Harris,* v. *Williams* (1985), 18 Ohio St. 3d 198, 200, 18 OBR 263, 264, 480 N.E. 2d 471, 472. The General Assembly has created three means of enforcing an employer's duty to pay prevailing wages. An affected employee may sue under division (A), or may request that the director sue for her under division (B). If the affected employee does neither, the director is required to bring the action *sua sponte* by division (C). *Id.*

This system of enforcement was added to the prevailing wage law by Am. H.B. No. 1304 in 1976. 136 Ohio Laws, Part II, 3729, 3733. The Ohio Legislative Service Commission noted in its summary of the bill that the bill's proponents intended it "to close certain 'loopholes' in the prevailing wage statute which have become apparent and which enable some contractors and public authorities to do by indirection what the statute directly prohibits." Ohio Legislative Serv. Comm., Summary of Am. H.B. No. 1304 as Passed by the House (1976) 1. The commission described the interplay of the three methods of enforcement: "The bill * * * places a 60 day statute of limitations running from the date when the Director determines a violation of the prevailing wage law exists on the employees [*sic*] right to bring a

---

[1] Division (B) reads in pertinent part:

"(B) Any employee upon any public improvement who is paid less than the prevailing rate of wages applicable thereto may file a complaint in writing with the department of industrial relations * * *. At the written request of any employee * * *, the director shall take an assignment of a claim in trust for the assigning employee and bring any legal action necessary to collect the claim. * * *"

[2] "[W]here the legislature creates alternative enforcement measures for a statute * * * it does so to provide an administrator with discretion to employ the most appropriate technique to secure compliance * * *." *Personal Service Ins. Co.* v. *Mamone* (1986), 22 Ohio St. 3d 107, 110, 22 OBR 189, 192, 489 N.E. 2d 785, 788; *State* v. *Tipka* (1984), 12 Ohio St. 3d 258, 12 OBR 337, 466 N.E. 2d 898.

civil suit. If at the end of the 60 day period, *the employee has not brought suit or has not requested the Director to sue* on his behalf, and the Director has determined that a violation of the law has occurred, *the bill requires the Director to bring suit on behalf of the affected employees."* (Emphasis added.) *Id.* at 3.

It appears from the commission's summaries that the provisions of the bill pertaining to claims by employees were enacted as proposed. Compare Ohio Legislative Serv. Comm., Summary of 1976 Enactments—111th General Assembly (1976) 232, 233, with Ohio Legislative Serv. Comm., Summary of H.B. No. 1304 as Introduced (1976) 2. Clearly, the legislative intent is to enforce claims for prevailing wage violations, even where the affected worker fails to act.

If we were to adopt appellees' construction of the statute, it would eviscerate the legislative intent. Under this view, the director could act under division (C) only if all of the affected employees failed to proceed under divisions (A) and (B). If a single employee were to sue or assign a claim, the employer would escape liability for the claims of all other employees. Thus, if a contractor employing a hundred workers on a public improvement violated the prevailing wage law, and only one of those workers sued or assigned the claim, the other ninety-nine claims would not be enforced. The General Assembly could not have intended to shackle the director's authority in a manner which would make enforcement of claims more difficult on larger projects, where the need to ensure compliance is greatest.

The legislative intent is served if *all claims* are enforced through one of the three methods provided in the statute. Accordingly, we hold that the director is authorized, under R.C. 4115.10(C), to enforce prevailing wage claims on behalf of all employees who do not pursue their claims through R.C. 4115.10(A) or (B). The judgment of the court of appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.