**MERSHMAN**

v.

**ENERTECH CORPORATION, d.b.a., Electrical Technology Services, Inc.**

2001-Ohio-4733.]

Court of Common Pleas of Ohio,
Hancock County.

No. 2000–360–OC.

Decided March 8, 2001.

Joseph M. D'Angelo, for plaintiff.

Michael A. Rumer, for defendant.

REGINALD J. ROUTSON, Judge.

## INTRODUCTION

{¶ 1} This matter comes on for consideration by the court as the result of cross-motions for summary judgment filed by the parties. After careful consideration of the parties' motions for summary judgment, supporting evidentiary materials, and authority supplied by the parties, the court finds as follows.

## STATEMENT OF THE FACTS

{¶ 2} This case arises out of a dispute between the plaintiff, Tim Mershman ("Mershman"), a resident of Ottawa, Ohio, and the defendant, Enertech Corporation ("Enertech"), a contractor as defined by Ohio Adm.Code 4101:9–4–02(H), located in Lima, Ohio.

{¶ 3} Plaintiff was an employee of Enertech during the time the defendant was performing a contract with the city of Findlay to install a security system at the Findlay Municipal Building. This contract work subjected the defendant to R.C. Chapter 4115 governing wages and hours on public works.

{¶ 4} The plaintiff filed a complaint with the Ohio Department of Commerce, Division of Labor and Worker Safety, Wage and Hour Bureau ("bureau"), claiming that he had not been paid the prevailing rate of wages. The bureau undertook an investigation and determined that the defendant had underpaid the plaintiff.

{¶ 5} On August 28, 2000, the bureau issued letters to both the plaintiff and the defendant announcing its determination. In the letter to the defendant, the bureau stated that Enertech violated the prevailing wage law and had thirty days to submit payment of the wage underpayment. In the letter to the plaintiff, the bureau advised Mershman of his rights under the determination and specifically that he had sixty days in which to file suit against the defendant if he so chose.

{¶ 6} On September 22, 2000, the plaintiff filed suit to recover wages due him. On September 25, 2000, the defendant mailed the underpayment checks, which were received by the bureau on September 29, 2000.

## CLAIMS

{¶ 7} The parties have filed motions for summary judgment as to the following issues.

### Enertech Corporation

{¶ 8} The defendant moves for summary judgment on the issue that (1) the plaintiff's claim is moot and (2) pursuant to R.C. 4115.13(C), the plaintiff is barred from bringing his claim.

### Tim Mershman

{¶ 9} The plaintiff moves for summary judgment on the issue and that pursuant to R.C. 4115.10(A), (1) the defendant pay to the plaintiff $188.69, which constitutes the sum equal to twenty-five percent of the unpaid wages determined by the bureau; (2) the defendant pay to the plaintiff reasonable attorney fees; and (3) the defendant pay to the plaintiff costs of this action.

## STANDARD OF REVIEW

{¶ 10} Civ.R. 56(A) and (B) provide that a party seeking affirmative relief and a defending party may move for summary judgment. Subsection (C) states:

{¶ 11} "A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

{¶ 12} In addition, subsection (C) also states:

{¶ 13} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."

{¶ 14} Civ.R. 56(E) further states:

{¶ 15} "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated herein."

{¶ 16} In addition, the Supreme Court of Ohio stated in *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825, following *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267:

{¶ 17} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

{¶ 18} The party moving for summary judgment bears the burden of showing that no genuine issue exists as to any material fact. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 19} As is set forth in *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 108, 570 N.E.2d 1095, citing *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265:

{¶ 20} "A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial."

{¶ 21} Civ.R. 56(E) requires that when a party moves for summary judgment negating essential elements for which the nonmovant will carry the burden of proof, the responding party must set forth specific facts showing that there exists

a genuine issue for trial. *Kelley v. Cairns & Bros., Inc.* (1993), 89 Ohio App.3d 598, 626 N.E.2d 986.

{¶ 22}   In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Supreme Court of Ohio modified the summary judgment standard as was applied under *Wing*. Presently, under the new standard, "[t]he moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or a material element of the nonmoving party's claim." *Dresher* at 296, 662 N.E.2d 264.

## CONCLUSIONS OF LAW

{¶ 23}   All five issues under review by this court turn upon the interpretation and application of R.C. Chapter 4115.  Sufficient case law exists that attests to the ambiguity of this chapter of the Revised Code. See *Rausch v. Farrington Constr., Inc.* (1988), 51 Ohio App.3d 127, 129, 554 N.E.2d 1359; *State ex. rel. Harris v. Williams* (1985), 18 Ohio St.3d 198, 18 OBR 263, 480 N.E.2d 471; *Dean v. Seco Elec. Co.* (1988), 35 Ohio St.3d 203, 519 N.E.2d 837; *Harris v. Van Hoose* (1990), 49 Ohio St.3d 24, 550 N.E.2d 461; *State v. Buckeye Elec. Co.* (1984), 12 Ohio St.3d 252, 12 OBR 331, 466 N.E.2d 894.  The defendant correctly cites R.C. 1.49 as a guide to the court when considering legislative intent if some ambiguity exists requiring judicial interpretation.  In addition, such analysis requires the court to presume that "(A) Compliance with the constitutions of the state and of the United States is intended;  (B) The entire statute is intended to be effective; (C) A just and reasonable result is intended;  (D) A result feasible of execution is intended."   R.C. 1.47.

{¶ 24}   Both parties have stated that the purpose of the prevailing wage statute " '[i]s to level the playing field' and obtain from the employer the unpaid wages for the employee involved."  (Defendant's Supplemental Memorandum in Support of Motion for Summary Judgment, at 3.)  "[T]he primary purpose of the prevailing wage law is to support the integrity of the collective bargaining process by preventing the undercutting of employee wages in the private sector." *Harris v. Van Hoose*, 49 Ohio St.3d at 26, 550 N.E.2d 461, citing *State ex rel. Evans v. Moore* (1982), 69 Ohio St.2d 88, 91, 23 O.O.3d 145, 431 N.E.2d 311. Further, the objective of the statute is to provide a method for enforcing prevailing wage requirements when a violation has occurred, including a private right of action.   "The law provides 'a comprehensive statutory procedure for effecting compliance with the prevailing wage law.' "  *Id.*, quoting *State ex rel. Harris*, 18 Ohio St.3d at 200, 18 OBR 263, 480 N.E.2d 471.

{¶ 25} With these legislative objectives in mind, the court must first determine whether it is necessary to supplement the plain meaning of the statutes. It is not always prudent to intervene, even when a statutory scheme cannot resolve or provide guidance to the unique facts of the particular situation. Further, if judicial interpretation is found to be necessary, it must be utilized only to serve the ends of justice and not savage the intent of the legislature.

{¶ 26} The five claims raised emanate from each party's interpretation of how R.C. 4115.03 through 4115.06 interact. The first step in the process is for a complaint to be filed with the Administrator of the Bureau of Employment Services. R.C. 4115.10(B) and 4115.16(A). R.C. 4115.16 provides a vehicle for "interested parties" to file a complaint. The Revised Code defines an "interested party" as "(1) Any person who submits a bid for the purpose of securing the award of a contract for construction of the public improvement; (2) Any person acting as a subcontractor * * *; (3) Any bona fide organization of labor * * *; (4) Any association having as members any of the persons * * *." R.C. 4115.03(F).

{¶ 27} The defendant does not qualify as an "interest party" under any of the definitions provided in the Revised Code. However, R.C. 4115.10(B) provides a process for an employee to file a complaint. Here, the plaintiff appropriately filed a complaint pursuant to R.C. 4115.10(B), which initiated an investigation pursuant to the authority vested in the administrator by R.C. 4115.13(A). Once an investigation is completed, the administrator or an authorized representative shall make a recommendation as to whether there was a violation. R.C. 4115.13(B). Subsection (B) goes on to provide a procedure for an employer to follow if in fact the administrator issues a finding of an intentional violation. The issue before this court does not involve an intentional violation by the employer. It is at this point that the plaintiff and the defendant diverge in their respective interpretations of the statute.

{¶ 28} When the administrator determines that a violation has occurred, both employer and employee are notified by correspondence. The defendant relies heavily upon the administrator's instructions in the letter of determination to support its position. According to R.C. 4115.13(C), if an underpayment of wages was determined to have resulted from a misinterpretation of the statute, or an erroneous preparation of payroll documents, employers are not subject to any further proceedings pursuant to R.C. 4115.03 to 4115.16 if they have paid restitution, although the statute in question does not establish a thirty-day deadline or specifically preclude an employee from commencing a suit prior to the expiration of that deadline. In the case at bar, there is no dispute that the defendant paid restitution as directed. In this case, the letter of determination issued by the administrator provided the defendant with thirty days in which to

make payment of the underpayment to the bureau. The defendant claims that because the restitution was eventually paid, the plaintiff's claims are now moot.

{¶ 29} The difficulty here is that a second letter was sent to the plaintiff. In that letter, the administrator notified the plaintiff that he had sixty days in which to file a suit in order to enforce the bureau's determination. Nothing in the letter suggested or mandated that the plaintiff could not commence his lawsuit until the expiration of the thirty-day deadline that the administrator had set for payment of restitution. Further, there is no administrative rule or statutory provision that would support this interpretation of the process. "The language of the letter[s] expressly advised the plaintiffs that following an investigation, by the department, a determination had been made that the plaintiffs were due back wages from [employer]. Therefore, as contemplated by R.C. 4115.10(A), the plaintiffs were put on notice that they had sixty days to sue [employer], which they did." *Rausch,* 51 Ohio App.3d at 129, 554 N.E.2d 1359. The statutory authority for such action is found in R.C. 4115.10(A), which states:

{¶ 30} "[A]ny employee upon any public improvement, except an employee to whom * * * restitution is made pursuant to division (C) of section 4115.13 * * *, who is paid less than the fixed rate of wages applicable thereto may recover from such person, firm, corporation, or public authority that constructs a public improvement with its own forces the difference between the fixed rate of wages and the amount paid to the employee and in addition thereto a sum equal to twenty-five per cent of that difference. * * * Where the employee prevails in suit, the employer shall pay the costs and reasonable attorney's fees allowed by the court."

{¶ 31} Accordingly, a strict construction of the statute would make it appear as though the plaintiff does not have a cause of action so long as the employer has paid restitution pursuant to R.C. 4115.13(C). This construction, though, must fit into the overall purpose of the statute and not violate its intent. The court must consider what the consequences of a particular construction are for all parties. R.C. 1.49(E). If the court accepted the defendant's interpretation, an employee would then be restricted to thirty days in which to seek enforcement of the administrator's findings. The statute explicitly allows the employee sixty days in which to file suit for recovery of any deficiency. R.C. 4115.10(A). To disallow an employee to file a lawsuit within the full sixty days as permitted by statute would contravene the intent of the statute and also severely impact upon plaintiffs' access to courts as provided for in Section 16, Article I of the Ohio Constitution.

{¶ 32} The question next turns to whether the payment of the wage deficiency by the defendant rendered the plaintiff's action moot. The defendant received a letter of determination from the bureau stating that the defendant had violated the Prevailing Wage Act. In this letter, the defendant was given thirty days in

which to forward checks to cover the underpayment of wages. The prevailing wage law provides a comprehensive procedure for effecting compliance with the law. *Harris v. Van Hoose,* 49 Ohio St.3d at 26, 550 N.E.2d 461. To this end, the General Assembly created three means of enforcement, one being the right of the employee to sue. Id. The question this court must answer is how to reconcile these competing rights—the right of the employer to pay within the allowed thirty days, thus invoking the protection of R.C. 4115.13(C), versus the employee's right to sue as provided for in R.C. 4115.10(A).

{¶ 33} The bureau issued its letter of determination on August 28, 2000. The employer then had thirty days to make payment of the restitution. The defendant issued the checks on September 28, 2000, which were received by the bureau on September 29, 2000. (Affidavit of Susan Sestito, at ¶ 3.) the thirty-day time frame that allowed the defendant to make restitution ran through September 27, 2000. Accordingly, the defendant violated the thirty-day window allowed by the administrator to make restitution, thereby undercutting its own argument.

{¶ 34} Furthermore, the plaintiff filed suit for recovery on September 22, 2000. This filing occurred within the statutorily allowable time frame to file suit and prior to the defendant's making a payment of restitution. "Clearly, the legislative intent is to enforce claims for prevailing wage violations." *Harris v. Van Hoose,* 49 Ohio St.3d at 27, 550 N.E.2d 461. "[R].C. Chapter 4115 provides a comprehensive statutory procedure for effecting compliance with the prevailing wage law through administrative and civil proceedings." *State ex rel. Harris v. Williams,* 18 Ohio St.3d at 200, 18 OBR 263, 480 N.E.2d 471. Therefore, the plaintiff's action was not rendered moot by the defendant's paying of the deficiency, and the plaintiff was not barred by R.C. 4115.13(C) to bring suit because he filed his action prior to receipt of the restitution payment.

{¶ 35} Finally, the plaintiff requests that the defendant pay an amount equal to twenty-five percent of the prevailing wage underpayment, reasonable attorney fees, and costs. R.C. 4115.10 is titled "Prohibitions; penalties paid to employee and department; complaints by employees." From the outset, the statute explicitly states that there are penalties due the employee and the bureau.

{¶ 36} The defendant argues that because the employee's complaint to the bureau was filed under subdivision (B), the defendant is relegated to exhaust the procedures prescribed by this subdivision. Specifically, he argues, "Each process is identified separately in paragraphs (A), (B) and (C) [of R.C. 4115.10] and none of the three processes refer[s] to either of the other two." (Defendant's Supplemental Memorandum in Support of Motion for Summary Judgment, at 1, ¶ 3.) However, "[t]he law provides 'a comprehensive statutory procedure for effecting compliance with the prevailing wage law.' *State ex rel. Harris v. Williams* (1985), 18 Ohio St.3d 198, 200, 18 OBR 263, 264, 480 N.E.2d 471, 472.

The General Assembly has created three means of enforcing an employer's duty to pay prevailing wages. An affected employee may sue under division (A), *or* may request that the director sue for her under division (B). If the affected employee does neither, the director is required to bring the action sua sponte by division (C). *Id.*" (Emphasis added.) *Harris v. Van Hoose*, 49 Ohio St.3d at 26, 550 N.E.2d 461. Further, the Supreme Court of Ohio went on to state in footnote 2 that the legislature's intent was for there to be discretion to employ the most appropriate technique to secure compliance. *Id.* at 28, 550 N.E.2d 461, fn. 2.

{¶ 37} Therefore, simply because the plaintiff's right to file a complaint with the bureau arises under R.C. 4115.10(B), the plaintiff is not precluded from enforcing the bureau's findings through R.C. 4115.10(A). The defendant's argument is not well taken. Accordingly, the plaintiff is entitled to pursue his rights under R.C. 4115.10(A). These provisions include penalties, costs, and reasonable attorney fees.

## CONCLUSION

{¶ 38} In conclusion, the court finds that while the statutory scheme in question is not perfect, it is not so ambiguous as to justify the wholesale judicial reinterpretation sought by the defendant. Moreover, the legislation, with all of its imperfections and questions, appears to have accomplished its original intent and serves the ends of justice.

{¶ 39} Accordingly, as there exists no genuine issues of fact, the court finds as a matter of law that the plaintiff's motion for summary judgment should be granted in its entirety. Further, the defendant's motion for summary judgment is denied in its entirety.

{¶ 40} This matter is ordered set for trial on all remaining damage issues.

Plaintiff's motion
for summary judgment
granted.