Cupp, J.
{¶ 1} We are asked to determine whether, in an employee-initiated enforcement action, the penalties set forth in R.C. 4115.10(A) are mandatory penalties that must be imposed against a party found to have violated the prevailing-wage law if the violation has not resulted from the exceptions specified in R.C. 4115.13(C). We conclude that the penalties in the foregoing circumstance are mandatory. Accordingly, we reverse the court of appeals’ judgment and remand this matter to the trial court for further proceedings.
I
{¶ 2} Monarch Construction Company, appellee, a general contractor, entered into a contract with Miami University to build student housing. Monarch subsequently contracted with Don Salyers Masonry, Inc. (“Salyers”) to work on the project, which was a public improvement. Because of that status, Monarch and Salyers were required to pay their employees the wages determined pursuant to R.C. Chapter 4115.
{¶ 3} After an investigation, the Department of Commerce issued an initial determination that Salyers had underpaid employees and that Salyers and Monarch were liable for $368,266.34 in back wages and $368,266.34 in penalties. The department notified Monarch of the result by sending it a copy of the determination, which was Monarch’s first notice of the investigation.
{¶ 4} Plaintiffs, 36 underpaid employees who decided not to assign their claims to the Department of Commerce for collection, filed suit on February 21, 2006, under R.C. 4115.10(A). Before trial, Miami University was dismissed from the case on its motion, and the court entered a default judgment against Salyers.
*536 {¶ 5} After a bench trial, the court found Monarch liable for back pay but denied the plaintiffs’ request to penalize Monarch an additional 25 percent of the back wages it owed, as set forth in R.C. 4115.10(A). The court held that the 25 percent penalty was discretionary and that because Monarch had cooperated as soon as it received notice of Salyers’s violation, the penalty was not warranted. The court also refused to impose a penalty equal to 75 percent of the back wages owed, to be paid to the director of commerce. The court reasoned that this penalty was also discretionary and that the circumstances of the case did not warrant it.
{¶ 6} The appellate court affirmed. We acknowledged a certified conflict and accepted review under our discretionary jurisdiction. 121 Ohio St.3d 1497, 2009-Ohio-2511, 907 N.E.2d 321; 121 Ohio St.3d 1500, 2009-Ohio-2511, 907 N.E.2d 324. Appellants are five of the original underpaid employees: Doug Bergman, Shawn Adams, Ricky Smith, Scott Brackett, and Andrew Sykes.
II
{¶ 7} The issue in this case involves the statutory interpretation of R.C. 4115.10(A).[1] This statute provides: “No person, firm, corporation, or public authority that constructs a public improvement * * * shall violate the wage provisions of sections 4115.03 to 4115.16 of the Revised Code * * *. Any employee upon any public improvement, except an employee to whom or on behalf of whom restitution is made pursuant to division (C) of section 4115.13 of the Revised Code, who is paid less than the fixed rate of wages applicable thereto may recover from such person, firm, corporation, or public authority * * * the difference between the fixed rate of wages and the amount paid to the employee and in addition thereto a sum equal to twenty-five per cent of that difference. The person, firm, corporation, or public authority who fails to pay the rate of wages so fixed also shall pay a penalty to the director of seventy-five per cent of the difference between the fixed rate of wages and the amount paid to the employees on the public improvement.”
{¶ 8} Based on the language of R.C. 4115.10(A), appellants claim that the appellate court erred when it affirmed the trial court’s decision not to award them an additional 25 percent penalty on the amount of the underpaid wages. They contend that the 25 percent penalty is required by R.C. 4115.10(A). They also assert that the appellate court erred when it affirmed the trial court’s decision not to require Monarch to pay a 75 percent penalty on the amount of the *537 underpaid wages to the director of commerce. Upon consideration of the merits argued by the parties, we agree that the appellate court misconstrued the statute.
{¶ 9} A court’s paramount concern in construing a statute is the intent of the legislature. State ex rel. Musial v. N. Olmsted, 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 23. In this regard, “it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used” and to read those words and phrases in context according to the rules of grammar and common usage. Cleveland Elec. Illum. Co. v. Cleveland (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus; R.C. 1.42.
{¶ 10} We have previously stated that the legislative intent of the prevailing-wage law in R.C. Chapter 4115 is to “provide a comprehensive, uniform framework for, inter alia, worker rights and remedies vis-a-vis private contractors, sub-contractors and materialmen engaged in the construction of public improvements in this state.” State ex rel. Evans v. Moore (1982), 69 Ohio St.2d 88, 91, 23 O.O.3d 145, 431 N.E.2d 311 (plurality opinion). “[T]he primary purpose of the prevailing wage law is to support the integrity of the collective bargaining process by preventing the undercutting of employee wages in the private construction sector.” Id. To achieve this end, R.C. Chapter 4115 provides to employees who have been denied the prevailing wage a comprehensive statutory procedure of administrative and civil proceedings to ensure an employer’s compliance with the prevailing-wage laws. State ex rel. Harris v. Williams (1985), 18 Ohio St.3d 198, 200, 18 OBR 263, 480 N.E.2d 471. Supporting the administrative and civil proceedings are statutory deterrents in the form of civil and criminal penalties. State ex rel. Evans v. Moore, 69 Ohio St.2d at 91, 23 O.O.3d 145, 431 N.E.2d 311. It is with this primary purpose in mind that we review this matter.
IV
{¶ 11} The general rule of the prevailing-wage law is that an employer shall not violate the wage provisions of R.C. Chapter 4115 or require an employee to work for less than the “rate of wages so fixed.” R.C. 4115.10(A). If the employer violates this proscription and pays an employee less than the prevailing wage, the employee has several options to recoup his underpayment. The employee can institute an enforcement action under R.C. 4115.10(A) or assign to the director of commerce the right to institute an enforcement action under R.C. 4115.10(B). In the event the employee does not institute an enforcement action or assign his or her rights to the director of commerce within the statutorily specified time, the director then has the obligation to “bring any legal action necessary to collect any *538 amounts owed to employees and the director.” R.C. 4115.10(C); see generally Harris v. Van Hoose (1990), 49 Ohio St.3d 24, 26-27, 550 N.E.2d 461.[2]
{¶ 12} For the employee-initiated enforcement action under R.C. 4115.10(A), the remedy for the underpayment of wages is plainly set forth: the employee is entitled to “the difference between the fixed rate of wages and the amount paid to the employee and in addition thereto a sum equal to twenty-five per cent of that difference.” In addition, the underpaying employer “also shall pay a penalty to the director of seventy-five per cent of the difference between the fixed rate of wages and the amount paid to the employee.” Id.
{¶ 13} The appellate court’s rationale that the R.C. 4115.10(A) penalties were discretionary was based on its interpretation that the phrase “may recover” gives the trial court discretion to deny recovery to the employee. In this regard, the court stated that “there does not seem to be any clear intent from the legislators that they intended their choice of the word ‘may’ [in R.C. 4115.10(A)] to actually mean ‘shall’ or that the 25 percent penalty is anything but discretionary.” Bergman v. Monarch Constr. Co., 2009-Ohio-551, 2009 WL 295396, ¶ 76.
{¶ 14} However, the appellate court misread R.C. 4115.10(A). The phrase “may recover” within R.C. 4115.10(A) pertains to the choice the underpaid employee has to enforce his or her right to recover the underpayment. It vests with the employee the discretion of whether to commence an action for restitution of the underpayment. See R.C. 4115.10(A), (B), and (C). Correspondingly, if the employee chooses to enforce his or her statutory right to recover the unpaid wages, and proves the case, then the statutory penalties follow as a matter of course and are mandatory. R.C. 4115.10(A). This interpretation reflects the legislative intent of R.C. Chapter 4115, State ex rel. Harris v. Williams, 18 Ohio St.3d at 200, 18 OBR 263, 480 N.E.2d 471, and gives force and effect to the basic rule contained in R.C. 4115.10(A): an employer shall not violate the prevailing-wage laws or pay an employee “less than the rate of wages so fixed.”
{¶ 15} To deny an underpaid employee the additional 25 percent penalty is contrary to the language of R.C. 4115.10(A). From its inception, the prevailing-wage law has required employers who violated it to pay a penalty on the amount of the back wages owed. G.C. 17-6.[3] The only variation through the years has *539 been to whom the penalty is paid. Initially, the penalty was a payment of 100 percent of the back wages to the underpaid employee. Id. In 1994, the terms of the penalty were altered, but to change only the allocation of the penalty: it was to be apportioned between the underpaid employee and the director of commerce, in an attempt to fund a newly created penalty-enforcement fund. R.C. 4115.10(A); 1994 Am.Sub.H.B. No. 350, 145 Ohio Laws, Part III, 5572, 5575.
{¶ 16} The statute is also clear in its direction with regard to the 75 percent penalty: it shall be paid to the director of commerce, and it is used for enforcement of the prevailing-wage laws. R.C. 4115.10(A). A basic rule of statutory construction is that “shall” is “construed as mandatory unless there appears a clear and unequivocal legislative intent” otherwise. Dorrian v. Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus; R.C. 1.42 (“Words and phrases shall be read in context and construed according to the rules of grammar and common usage”). In this case, the “clear and unequivocal legislative intent” as expressed in the statute is that the 75 percent penalty is to be paid whenever the director of commerce determines that there has been a prevailing-wage underpayment and the determination becomes final.
{¶ 17} Finally, within the prevailing-wage legislation, there is only one exception to the payment of the penalties. According to R.C. 4115.13(C), when the director of commerce finds that a wage underpayment is the result of a misinterpretation of the prevailing-wage statutes or an erroneous preparation of the payroll documents, provided restitution of the underpayment is made, no further proceedings will occur and no penalties are assessed. Because this provision does not apply to Monarch in this case, there is no authority for the mandatory penalty to be waived.
V
{¶ 18} We hold that in an employee-initiated action to enforce the prevailing-wage law, the penalties set forth in R.C. 4115.10(A) are mandatory penalties that must be imposed against a party found to have violated the prevailing-wage statutes if the violation has not resulted from the exceptions specified in R.C. 4115.13(C).
*540 {¶ 19} Based on the foregoing, the judgment of the court of appeals is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Moyer, C.J., and Pfeifer, O’Connor, and Lanzinger, JJ., concur.
Lundberg Stratton and O’Donnell, JJ., dissent.

. When we accepted this discretionary appeal, we accepted three propositions of law. The second proposition of law reflects the penalty issue presented in the conflict certification. Upon consideration of this matter, and our resolution of the conflict and its corresponding proposition of law, we dismiss the first and third propositions of law as having been improvidently accepted.

. An interested party may also file a complaint with the director of commerce alleging prevailing-wage violations. R.C. 4115.16. Proceedings instituted in this manner also implicate the remedies specified in R.C. 4115.03 to 4115.16. Unions and trade associations are “interested parties” for the purposes of R.C. 4116.16. R.C. 4115.03(F). *539 improvement who is paid less than the fixed rate of wages applicable thereto may recover from the contractor or sub-contractor the difference between the fixed rate of wages and the amount paid to him, and in addition thereto a penalty equal in amount to such difference.” G.C. 17-6, 1931 H.B. No. 3, Section 4,114 Ohio Laws 117, eff. July 27,1931.

. {¶ a} As it was originally enacted in 1931, the penalty section read:
{¶ b} “Any contractor or sub-contractor who shall violate the wage provisions of such contract, or who shall suffer, permit or require any employee to work for less than the rate of wages so fixed, shall be fined not less than $50.00 or more than $500.00. Any employee upon any public