DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Williams County Court of Common Pleas. Appellant, United Brotherhood of Carpenters Joiners of America, Local Union No. 1581 ("Local 1581"), asserts the following assignments of error: *Page 2 
 {¶ 2} "1. The trial court erred by artificially restricting the scope of interested party standing to a defendant-centered paradigm instead of recognizing the particular public improvement-centered paradigm codified in R.C. 4115.03(F).
 {¶ 3} "2. The trial court erred in dismissing Local 1581's Complaint because a Union that qualifies as an interested party under the express language of R.C. 4115.03(F) has standing to prosecute a R.C. 4115.16(B) action for the violation of Ohio's Prevailing Wage Law against any contractor or subcontractor on the `particular public improvement.'"
 {¶ 4} Appellee, Edgerton Hardware Co., d.b.a. JMS Mechanical Co. ("JMS"), failed to file an appellate brief. Therefore, we shall accept appellant's statement of the facts and issues as true and reverse the judgment of the trial court "if appellant's brief reasonably appears to sustain such an action." App.R. 18(C).
 {¶ 5} On June 16, 2005, Local 1581 filed a complaint in the common pleas court in which it claimed that it was an "interested party" under R.C. 4115.03(F) for the purpose of enforcing Ohio's Prevailing Wage Law, R.C. 4115.03 to R.C. 4115.16. Appellant's claim arises from the construction of a public improvement[1], specifically, a city hall, located in Holiday City, Williams County, Ohio. In an affidavit in support of Local 1581's complaint, the business agent for appellant averred that Duerk Construction, *Page 3 
Inc., a company that employs members of Local 1581, submitted a bid as a contractor on the city hall project, but that it was not a successful bidder.
 {¶ 6} In the complaint filed in the common pleas court, Local 1581 maintained that JMS, as a subcontractor on a public improvement, failed to comply with R.C. 4115.03, et seq., and the applicable administrative regulations, by not paying its employees a prevailing wage. Because of this failure, appellant initially filed an administrative complaint with the Director of Commerce alleging JMS' violations of R.C. 4115.03 to4115.16.
 {¶ 7} After the director did not rule on the merits of Local 1581's administrative complaint within 60 days after it was filed, appellant filed, pursuant to R.C. 4115.16(B), the civil complaint in the trial court. Local 1581 sought a finding that JMS violated Ohio's prevailing wage law; back pay of the wages, plus 25 percent of those wages lost by JMS employees as a result of that violation; and payment of a penalty to the Director of Commerce equaling 75 percent of the amount that appellee was required to pay as back pay to its employees. JMS filed an answer denying that it was obligated to pay its employees the prevailing wage on the city hall project.
 {¶ 8} After conducting discovery, Local 1581 filed a motion for summary judgment. JMS never filed a memorandum in opposition. On December 12, 2006, the trial court granted appellant's motion for summary judgment and ordered the union to submit an analysis of the amounts owed. Nonetheless, after Local 1581 submitted the calculated amounts owed to JMS employees and the attorneys fees incurred by Local *Page 4 
1581 in this action, the trial court, sua sponte, entered a judgment finding that it improvidently grant summary judgment to appellant. The court held that Local 1581 was not an "interested party" within the meaning of R.C. 4115.16(A) and R.C. 4115.03(F) "vis a vis" JMS and, as a consequence, lacked standing to bring "an action against [a] defendant whose employees are not persons plaintiff is authorized to represent." Based upon the foregoing reasoning, the court below dismissed Local 1581's suit at its costs.
 {¶ 9} We shall first address appellant's second assignment of error. In that assignment appellant contends that Local 1581 is an "interested party" within the meaning of R.C. 4115.03(F) with respect to this particular public improvement, a city hall.
 {¶ 10} The trial court's basis for finding that Local 1581 lacked standing to bring an action against JMS pursuant to R.C. 4115.16(A), is the fact that appellant's employees would be members of a different union than those represented by Local 1581. Specifically, appellant has as its members carpenters and joiners. A joiner" is defined, inter alia, as "a person whose occupation is to construct articles by joining together pieces of wood." Merriam-Webster's Collegiate Dictionary (10th Ed. 1996) 631. The record of this cause reveals that JMS performed plumbing and sheet metal work on the city hall project. Thus, it is clear that the trial court interpreted "interested party" as it relates to R.C. 4115.03(F)(3) to be a labor organization that represents only those bidding contractors or subcontractors whose union member employees perform the same function *Page 5 
on a public improvement. This said, we now turn to the merits of Local 1581's assignments of error.
 {¶ 11} Before a trial court can consider the merits of a legal claim, a party is required to establish standing to sue. Ohio Contrs. Assn. v.Bicking (1994), 71 Ohio St.3d 318, 320. As applied to this cause, the question of whether Local 1581 has standing depends upon whether it has a "personal stake in the outcome of the controversy." Middletown v.Ferguson (1986), 25 Ohio St.3d 71, 75. The requirement that a party have standing ensures that the alleged dispute between the parties to a cause is presented in an adversarial context and in a form that is historically considered justiciable. Newman v. Enriquez, 4th Dist. No. 06CA3091, 2007-Ohio-1943, ¶ 30, citing Sierra Club v. Morton (1972), 405 U.S. 727, 732.
 {¶ 12} In the case before us, R.C. 4115.03, et seq, is determinative of the question of whether Local 1581 has standing to bring an action based upon appellee's alleged failure to pay a prevailing wage to its employees who worked on the construction of the public improvement, a city hall. Thus, this cause involves a question of statutory interpretation.
 {¶ 13} The interpretation of a statute is a question of law subject to an independent de novo review of a lower court's decision. Bacon v.Atlas Home Corp., 9th Dist. No. 22471, 2005-Ohio-6979, ¶ 6. In construing a statute, our paramount objective is to discern legislative intent. Featzka v. Millcraft Paper Co. (1980), 62 Ohio St.2d 245, 247. In the case before us, it is well-established that the legislature's intent in enacting R.C. *Page 6 4115.03 to 4115.16 is to provide comprehensive administrative and civil rights and remedies for workers employed by "private contractors, sub-contractors and materialmen engaged in the construction of public improvements in this state." State ex rel. Evans v. Moore (1982),69 Ohio St.2d 88, 91. Therefore, the primary purpose of R.C. 4115.03 to4115.16 is to uphold "the integrity of the collective bargaining process by preventing the undercutting of employee wages in the private construction sector." Id.
 {¶ 14} In order to have standing to institute a claim founded on JMS' failure to pay a prevailing wage, Local 1581 must be an "interested party" within the meaning of R.C. 4115.03, which provides, in material part:
 {¶ 15} "(F) `Interested party,' with respect to a particular public improvement, means:
 {¶ 16} "(1) Any person who submits a bid for the purpose of securing the award of a contract for construction of the public improvement;
 {¶ 17} "(2) Any person acting as a subcontractor of a person mentioned in division (F)(1) of this section;
 {¶ 18} "(3) Any bona fide organization of labor which has as members or is authorized to represent employees of a person mentioned in division (F)(1) or (2) of this section and which exists, in whole or in part, for the purpose of negotiating with employers concerning the wages, hours, or terms and conditions of employment of employees; * * *." (Emphasis added.) *Page 7 
 {¶ 19} Words used in a statute are to be taken in their usual, normal, and customary meaning. R.C. 1.42. If those words are plain and unambiguous, we cannot engage in statutory interpretation. Sears v.Weimer (1944), 143 Ohio St. 312, paragraph five of the syllabus. "Any" is defined as "one or some indiscriminately of whatever kind" and is "used to indicate one selected without restriction." Merriam-Webster's Collegiate Dictionary (10 Ed. 1996) 53. As applied to the present case, and keeping in mind the legislative intent in enacting prevailing wage law, the uncontroverted evidence offered by Local 1581, which isany (of whatever kind) labor organization, establishes that its members work for Duerk Construction Company, that is, any (of whatever kind)) person. Duerk Construction Company submitted a bid on a contract for the construction of a city hall in Holiday City, Williams County, Ohio. Consequently, Local 1581 is an "interested party" within the meaning of R.C. 4115.03(F) and has the standing required to pursue administrative and civil remedies under R.C. 4115.16. Accordingly, Local 1581's second assignment of error is found well-taken. Appellant's first assignment of error is, thereby, rendered moot.
 {¶ 20} The judgment of the Williams County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this judgment. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing this appeal is awarded to Williams County.
 JUDGMENT REVERSED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
[1] It is undisputed that the project was a "public improvement" within the meaning of R.C. 4115.03(C). *Page 1