DECISION AND JUDGMENT
{¶ 1} This case is before the court on appeal from a judgment of the Sandusky County Court, District No. 2. Appellant, Terry McGrady, asserts the following assignments of error:
 {¶ 2} "Assignment of Error No. 1. A volunteer animal rescuer has no duty to learn the identify [sic] of a putative owner of a dog who makes no immediate attempt to reclaim his lost animal and is not liable for adoption of the dog to another home after reasonable efforts have been made. *Page 2 
 {¶ 3} "Assignment of Error No. 2. Appellant was not a proper Defendant because he was an unpaid volunteer working for a nonprofit humanitarian agency.
 {¶ 4} "Assignment of Error No. 3. There was no basis for the damage award of $500.00.
 {¶ 5} "Assignment of Error No. 4. The court's ruling was against the manifest weight of the evidence."
 {¶ 6} Appellee failed to file an appellate brief; therefore, we shall take appellant's recitation of the facts and issues as correct and reverse the judgment of the trial court if that brief reasonably sustains that action. See App. R. 18(C); United Bhd. of Carpenters Joiners of Am., Local Union No. 1581 v. Edgerton Hardware Co.,Inc., 6th Dist. No. WM-06-017, 2007-Ohio-3958, ¶ 4.
 {¶ 7} Appellant is a volunteer for the Society for the Protection of Animals, Inc. ("SPA"), an Ohio nonprofit corporation that provides a rescue service for stray cats and dogs. During the early morning hours of Saturday, October 13, 2007, appellant discovered a large brown dog, a chocolate Labrador Retriever, at his back door. Because he and his wife were already fostering several animals, appellant took the dog to the Fremont Animal Hospital to be boarded. He also called the pound to alert them of a lost dog.
 {¶ 8} On the following Monday, October 15, 2007, appellant called the Fremont News Messenger and placed an advertisement asking anyone who had lost a large dog in the area of County Road 41 in Fremont to call his telephone number (also listed in the ad) *Page 3 
and describe the dog. The ad ran for three days, October 16 through October 18, 2007. On Friday, October 19, 2007, the dog was neutered, checked for heartworm, and given all of his "shots." The owner listed on the veterinarian's medical record is the SPA. On Saturday, the dog was adopted by a family who had previously adopted dogs from the SPA. The new owner of the Labrador Retriever signed the SPA's standard adoption contract, and the SPA received the $75 adoption fee. At the trial of this cause, appellant also provided the affidavit of the new owner of the dog stating that she had adopted the Labrador Retriever from the SPA.
 {¶ 9} In his testimony, Wagner claimed that his chocolate Labrador Retriever, which was tied to a doghouse, "slipped his collar and disappeared" on October 13, 2007. After asking his neighbor whether he had seen the dog and learning that he had not seen him, appellee drove around the vicinity looking for the dog. Appellee went to the dog pound on either October 16 or October 17, 2007, to see if his Labrador Retriever was "picked up" by the dog warden. Wagner further testified that on Friday, October 19, 2007, someone from the pound called him and stated that appellant might have his dog. According to appellee, he spoke with McGrady the next day and appellant admitted that the Labrador Retriever was appellee's dog. Appellant, however, also informed appellee of the fact that the dog was already adopted by another family.
 {¶ 10} In December 2007, Wagner filed the instant small claims lawsuit, seeking a judgment in the amount of $750, plus interest, from McGrady, as compensation for the conversion of his property, that is, the dog. At the hearing on appellee's complaint, *Page 4 
appellant maintained that any actions he took with regard to the Labrador Retriever he found was done in his capacity as a volunteer for a nonprofit charitable organization, that is, the SPA, and he was, therefore, not liable for any damages suffered by appellee for the loss of his dog.
 {¶ 11} On February 6, 2008, the small claims judge entered a judgment awarding appellee $500. The judge held: "At time defendant adopted dog out, they knew to [sic] owner of dog was looking for his dog[1]. Membership in SPA does not give immunity for sale or adopting animal that belongs to another." This timely appeal followed.
 {¶ 12} Because it is dispositive of this appeal, we shall first consider appellant's second assignment of error. In that assignment, appellant contends that as a volunteer for a nonprofit charitable organization, he was not the party in interest and is immune from suit under R.C. 2305.38. We agree. R.C. 2305.38 provides, in pertinent part:
 {¶ 13} "(A) As used in this section:
 {¶ 14} "* * *
 {¶ 15} "(5) `Volunteer' means an officer, trustee, or other person who performs services for a charitable organization but does not receive compensation, either directly or indirectly, for those services.
 {¶ 16} "* * * *Page 5 
 {¶ 17} "(C) A volunteer is not liable in damages in a civil action for injury, death, or loss to person or property that arises from the volunteer's actions or omissions in connection with any supervisory or corporate services that the volunteer performs for the charitable organization, unless either of the following applies:
 {¶ 18} "(1) An action or omission of the volunteer involves conduct as described in division (B)(1) or (2) of this section;
 {¶ 19} "(2) An action or omission of the volunteer constitutes willful or wanton misconduct or intentionally tortious conduct."
 {¶ 20} A volunteer is liable for damages in a civil action for injury, death, or loss to person or property under R.C. 2305.38(B) only if either of the following applies:
 {¶ 21} "(1) With prior knowledge of an action or omission of a particular officer, employee, trustee, or other volunteer, the volunteer authorizes, approves, or otherwise actively participates in that action or omission.
 {¶ 22} "(2) After an action or omission of a particular officer, employee, trustee, or other volunteer, the volunteer, with full knowledge of that action or omission, ratifies it."
 {¶ 23} In the present case, all of the evidence offered at trial demonstrates that appellant was acting in his capacity as a volunteer working for SPA, an undisputed nonprofit charitable organization. Furthermore, no evidence was offered to show that appellant's actions would render him liable to Wagner for damages suffered as the result of the loss of Wagner's dog, if, indeed, the dog found by appellant was appellee's dog, under R.C. 2305.38 (B)(1) and/or (2) or pursuant to R.C. 2305.38(C). Accordingly, *Page 6 
appellant's second assignment of error is found well-taken. Appellant's first, third, and fourth assignments of error are, thereby, rendered moot.
 {¶ 24} The judgment of the Sandusky County Court, District No. 2 is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, P.J., CONCUR.
[1] There is no evidence in the record of this cause to establish that appellant knew the dog belonged to appellee at the time it was adopted. *Page 1