INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL & REINFORCING IRON WORKERS, LOCAL 372, AFL–CIO, Appellant,

v.

SUNESIS CONSTRUCTION COMPANY, Appellee.

[Cite as *Internatl. Assn. of Bridge, Structural, Ornamental & Reinforcing Iron Workers, Local 372, AFL–CIO v. Sunesis Constr. Co.*, 183 Ohio App.3d 438, 2009-Ohio-3729.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–081022.

Decided July 31, 2009.

Cosme, D'Angelo & Szollosi Co., L.P.A., and Joseph M. D'Angelo, for appellant.

Poston, Seifried & Schloemer and Kent W. Seifried, for appellee.

---

DINKELACKER, Judge.

{¶ 1} Plaintiff-appellant, International Association of Bridge, Structural, Ornamental & Reinforcing Iron Workers, Local 372, AFL–CIO ("Local 372"), filed a complaint against defendant-appellee, Sunesis Construction Company, alleging that Sunesis had violated the prevailing-wage law on the Elliott Avenue Bridge Replacement Project. The trial court granted summary judgment in favor of Sunesis, holding, among other things, that Local 372 was not an interested party that could have brought the action.

{¶ 2} Local 372 has filed a timely appeal from that judgment. Because we hold that Local 372 was an interested party, we reverse that part of the trial court's judgment. But we affirm the trial court's entry of summary judgment in favor of Sunesis on the merits of the prevailing-wage claims.

## I. Interested Party

█ {¶ 3} In its first assignment of error, Local 372 argues that the trial court erred in granting summary judgment in favor of Sunesis on the basis that it was not an interested party. It argues that it met the definition of an interested party and that its authorized representative filed the administrative complaint. This assignment of error is well taken.

{¶ 4} R.C. 4115.16(A) allows an "interested party" to file a complaint with the director of commerce alleging a violation of the prevailing-wage law. R.C. 4115.16(B) allows the interested party to file a complaint with the court of common pleas in the county in which the violation allegedly occurred if the director does not act on the complaint.[1]

{¶ 5} R.C. 4115.03(F) defines an "interested party" as "(1) any person who submits a bid for the purpose of securing the award of a contract for construction of the public improvement; (2) [a]ny person acting as a subcontractor of a person mentioned in division (F)(1) of this section; (3) [a]ny bona fide organization of labor which has as members or is authorized to represent employees of a person mentioned in division (F)(1) or (2) of this section and which exists, in whole or in part, for the purpose of negotiating with employers concerning the wages, hours, or terms and conditions of employment of employees; (4)[a]ny association having as members any of the persons mentioned in division (F)(1) or (2) of this section." Courts have construed the definition of an interested party broadly to further the purposes of the prevailing-wage law.[2]

{¶ 6} The record shows that John Cotton signed the administrative prevailing-wage complaint filed with the director of commerce as an "interested party." But he did not identify in the complaint the organization that he represented. He was an organizer for the International Association of Bridge, Structural and Ornamental Iron Workers, Movers & Riggers, Local 44 ("Local 44"). He was also oversight director for the Ironworkers of Southern Ohio & Vicinity District Council ("the council") and served in that capacity for the council's member unions. The council represents Local 372.

---

1. *Sheet Metal Workers' Internatl. Assn., Local Union No. 33 v. Gene's Refrigeration, Heating & Air Conditioning, Inc.*, 122 Ohio St.3d 248, 2009-Ohio-2747, 910 N.E.2d 444, ¶ 11; *Ohio State Assn. of the United Assn. of Journeymen & Apprentices of the Plumbing & Pipefitting Industry v. Johnson Controls, Inc.* (1997), 123 Ohio App.3d 190, 194, 703 N.E.2d 861.

2. *United Bhd. of Carpenters & Joiners of Am., Local Union No. 1581 v. Edgerton Hardware* Co., 6th Dist. No. WM–06–017, 2007-Ohio-3958, 2007 WL 2216964, ¶ 12–19; *Ohio State Assn.*, 123 Ohio App.3d at 194–195, 703 N.E.2d 861; *Pipe Fitters Union Local 392 v. Kokosing Constr. Co., Inc.* (Aug. 23, 1996), 1st Dist. Nos. C–950220 and C–950234, 1996 WL 482932, overruled on other grounds (1998), 81 Ohio St.3d 214, 690 N.E.2d 515.

{¶ 7} At the same time he filed the complaint, Cotton submitted a letter on Local 44 stationery to the chief of the Wage and Hour Bureau about the alleged prevailing-wage violations. He identified himself as a representative of Local 44. Nowhere in the letter did he identify himself as working for the council or Local 372.

{¶ 8} The trial court stated, "There is no question that John Cotton is authorized to file prevailing wage complaints on behalf of the Iron Workers Southern Ohio and Vicinity District Council which organization represents Local 372 among many others." Local 372 submitted an affidavit stating that it represented employees of SK Construction, and Sunesis acknowledged that SK had submitted a bid on the Elliott Avenue bridge project. Thus, Local 372 was an interested party under R.C. 4115.03(F)(3) as a bona fide labor organization that represented employees of a contractor that had bid on the project.[3]

{¶ 9} The trial court noted that Cotton never stated in the administrative complaint that he represented Local 372 and that the complaint contained no indication that Local 372 was the complaining party. Therefore, it reasoned, "The only conclusion one can reach is John Cotton signed the administrative complaint individually, or at best, on behalf of the Iron Workers Local Union 44. By no stretch can the complaint be deemed to be filed by Local 372."

{¶ 10} We do not believe that Cotton's failure to identify himself in the administrative complaint as representing Local 372 is dispositive of this case. The person or entity who filed the administrative complaint is irrelevant to the case in the common pleas court. Cotton represented Local 372, regardless of whether he said that he did, and Local 372 was an interested party under R.C. 4115.03(F). It did not lose that status because Cotton failed to identify Local 372 in the administrative complaint.

{¶ 11} Sunesis makes a complicated argument regarding capacity and standing. It contends that just because a potential party has the capacity to sue, it does not mean that it is sufficiently "interested" in the proceedings to have standing.[4] This argument does not apply in this case. R.C. 4115.16(B) allows an interested party to file a complaint in the common pleas court. In our view, the only issue is whether Local 372 was an interested party. Because it was, it had standing under the statute. Sunesis's arguments to get around that inevitable fact are not persuasive.

---

**3.** See *United Bhd. of Carpenters & Joiners of Am.*, 2007-Ohio-3958, 2007 WL 2216964, at ¶ 14–19.

**4.** See *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27; *Wanamaker v. Davis*, 2nd Dist. No. 2005–CA–151, 2007-Ohio-4340, 2007 WL 2405708, ¶ 39–43.

{¶ 12} Local 372 also presented affidavits showing that an unidentified Sunesis employee authorized Cotton to represent him. Sunesis relies upon a recent Ohio Supreme Court case in which the court held that "[a] labor organization that obtains written authorization to represent one employee does not have standing as an 'interested party' under R.C. 4115.03(F) to pursue violations of the prevailing-wage law of behalf of any other employee of the project."[5] Thus, Sunesis contends, Local 372 was not "authorized * * * to pursue its project-wide Prevailing Wage complaint."

{¶ 13} We would agree if the representation of that one employee was the only basis upon which Local 372 could have claimed to be an interested party. But since it was also an interested party based upon its representation of employees of a contractor who had submitted a bid on the project, it could contest the prevailing-wage issues on the entire project.

{¶ 14} Consequently, we hold that the trial court erred in ruling that Local 372 was not an interested party and did not have standing to file its complaint and in granting summary judgment to Sunesis on that basis. We sustain Local 372's first assignment of error, and we reverse that part of the trial court's judgment.

## II. Compliance with Prevailing–Wage Law

{¶ 15} In its second assignment of error, Local 372 contends that the trial court erred in granting summary judgment in favor of Sunesis on the merits of the prevailing-wage violations. In its third assignment of error, it contends that the trial court erred in failing to grant its motion for summary judgment because it demonstrated that Sunesis had unquestionably violated the prevailing-wage law. These assignments of error are not well taken.

{¶ 16} Our review of the record shows that Sunesis provided evidentiary material showing that it had (1) paid the prevailing-wage rates for all iron work done by its employees; (2) paid to and notified its employees about the appropriate fringe benefits and related payments for health insurance and pension contributions; (3) notified its employees in writing of their job classifications, wage rates, and the identity of the public authorities' prevailing-wage coordinator; (4) maintained certified payroll reports and provided those records to the Ohio Department of Commerce; and (5) provided the department with signed "Statements of Compliance" certifying that Sunesis had adhered to the prevailing-wage-law wage rates, fringe benefits, notifications, and other requirements. The department also audited Sunesis and approved its procedures.

---

5. *Sheet Metal Workers' Internatl. Assn.*, 122 Ohio St.3d 248, 2009-Ohio-2747, 910 N.E.2d 444, at paragraph one of the syllabus.

{¶ 17} Local 372 filed no affidavits or other evidentiary materials refuting or contradicting Sunesis's evidence. Once Sunesis met its burden to present evidentiary materials showing that no genuine issue of fact existed for trial, Local 372 had a burden to present evidence supporting its case, but it did not. It merely supplied the same documents as Sunesis and proceeded to pick them apart, which was insufficient to meet its burden to show that genuine issues of fact existed for trial, much less that it was entitled to summary judgment in its favor.[6]

{¶ 18} Specifically, Local 372 contends that R.C. 4115.071 requires contractors to itemize all fringe benefits and list all permitted deductions. The contractor must provide an accurate description of the nature of the deductions withheld from each employee's wages.[7] It argues that because Sunesis had a deduction category labeled "misc.," with no description of the deductions, it violated R.C. 4115.071.

{¶ 19} On similar facts, the court in *Vaughn Indus., Inc. v. Dimech Servs.*[8] held that summary judgment for the contractor was proper. In that case, the contractor had a category labeled "Union DED" that did not specify the payments made. The contractor submitted certified payroll reports, to which were attached forms titled "Statement of Compliance." The forms were standard forms issued by the United States Department of Labor Wage and Hour and Public Contracts Division. The contractor's payroll officer completed the statements and certified that the information that they contained was accurate.[9]

{¶ 20} Specifically, the statements said, "In addition to the basic hourly wage rates paid to each laborer or mechanic listed in the above referenced payroll, payments of fringe benefits as listed in the contract have been or will be made to appropriate programs for the benefit of such employees, except as noted * * * below." At the bottom, they set forth the penalties for willful falsification of the statements.[10]

{¶ 21} Thus, the court in *Vaughn* stated, the statements certified that the contractor had paid or would be paying the fringe benefits required under the contract. The contract included the schedule of prevailing wages, which, by

---

6. See *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293–295, 662 N.E.2d 264; *Stinespring v. Natorp Garden Stores, Inc.* (1998), 127 Ohio App.3d 213, 216, 711 N.E.2d 1104.

7. Ohio Adm.Code 4101:9–4–13(B).

8. 167 Ohio App.3d 634, 2006-Ohio-3381, 856 N.E.2d 312.

9. Id. at ¶ 29.

10. Id. at ¶ 37.

definition, included "the rate of contribution irrevocably made by a contractor or subcontractor to a trustee or to a third person pursuant to a fund, plan or program[,]" as stated in R.C. 4115.03(E).[11]

{¶ 22} The court went on to state that "[b]y certifying that it had paid or would pay the fringe benefits required under the contract, [the contractor] certified that the fringe benefits required under the contract and specified in the prevailing wage rate schedules had been or would be paid. We therefore cannot find that [the contractor] violated R.C. 4115.071 in its preparation of the certified payroll reports."[12]

{¶ 23} We agree with the *Vaughn* court's analysis. In this case, Sunesis filed the same statements of compliance, using the same forms. Local 372 presented no evidence that the statements of compliance were inaccurate or falsified. Without evidence to that effect, no genuine issue of fact existed for trial, and Sunesis was entitled to summary judgment on that issue.

{¶ 24} Local 372 also contends that Sunesis violated the prevailing-wage laws in numerous ways, including failing to list all the hours worked by its employees, submitting unsigned, uncertified payroll reports, and failing to provide wage notifications to each employee working on the project. But it provided no evidentiary materials to substantiate those claims. By failing to meet its burden to produce evidentiary materials, it failed to demonstrate that a genuine issue of fact existed for trial, much less that it was entitled to summary judgment in its favor. Consequently, we hold that the trial court did not err in granting Sunesis's motion for summary judgment and in overruling Local 372's motion on the merits of the prevailing-wage issues. We overrule Local 372's second and third assignments of error.

### III. Remand to Department of Commerce

{¶ 25} Finally, in its fourth assignment of error, Local 372 contends that the trial court erred in attempting to remand the case to the department of commerce. In its entry, the court stated, "If on review, it is determined that the criteria of Ohio Civil Rule 56 has not been met by Sunesis then, in that event, the issues of standing of Local 372 and compliance with Chapter 4115 of the Ohio Revised Code by Sunesis [are] remanded to the Department of Commerce for its determination." Local 372 argues that 4115.16(B) does not permit such a remand.

---

11. Id. at ¶ 39.

12. Id.; Accord *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Industries, Inc.,* 6th Dist. No. WD–07–026, 2008-Ohio-2992, 2008 WL 2468847, ¶ 28–35.

{¶ 26} We need not reach this issue. Since we have held that the trial court did not err in granting summary judgment to Sunesis on the merits, the issue is moot. We, therefore, decline to address it.[13]

## IV. Summary

{¶ 27} In sum, we reverse that part of the trial court's judgment holding that Local 372 was not an interested party and did not have standing to file its complaint. We affirm that part of the trial court's judgment denying Local 372's motion for summary judgment on the merits of the prevailing-wage violations, granting Sunesis's motion, and dismissing Local 372's complaint on that basis.

Affirmed in part
and reversed in part.

SUNDERMANN, J., concurs.

PAINTER, P.J., concurs in part and dissents in part.

PAINTER, Presiding Judge, concurring in part and dissenting in part.

{¶ 28} I agree that Local 372 is an interested party, so I concur in that part of the majority opinion. But I dissent from the majority's decision affirming summary judgment.

{¶ 29} Local 372 submitted no evidence, but it did not need to. Sunesis submitted records showing that it had violated the prevailing-wage rules. When construing the evidence in favor of Local 372, it is plain to me that summary judgment should not have been granted.