OHIO VALLEY ASSOCIATED BUILDERS AND CONTRACTORS, Appellant,

v.

RAPIER ELECTRIC, INC., Appellee.

[Cite as *Ohio Valley Associated Builders & Contrs. v. Rapier Elec., Inc.*, 192 Ohio App.3d 29, 2011-Ohio-160.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

Nos. CA2010–08–217, CA2010–08–219.

Decided Jan. 18, 2011.

30

Flanagan, Lieberman, Hoffman & Swaim, Jill A. May, Bradley C. Smith, and Brock A. Schoenlein, for appellant.

Brandabur, Bowling & Crehan Co., L.P.A., Michael J. Brandabur, and Kyle M. Rapier, for appellee.

RINGLAND, Judge.

{¶ 1} Plaintiff-appellant, Ohio Valley Associated Builders and Contractors ("ABC"), appeals a decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Rapier Electric, Inc. For the reasons that follow, we reverse.

{¶ 2} The relevant facts of this case are as follows. ABC is a membership association of nonunion construction contractors who submit bids for the purpose of securing public-improvement construction contracts. Its members include GC Contracting Corporation, Cinfab, Inc., Triton Services, M & S Flooring, Spectra Contract Flooring, and HGC Construction.

{¶ 3} Out of several public-improvement projects planned in Butler County, Ohio, the parties' dispute centers on the Government Services Center Court Remodel project and the Board of Elections project. Rapier, an electrical contractor, was awarded the electrical base contracts for both projects. Additionally, several ABC members submitted bids on the Board of Elections project, seeking the general, HVAC, and flooring contracts, while another ABC member submitted a "general base bid" on the Government Services project.

{¶ 4} After Rapier completed its work on the projects, ABC filed an administrative complaint with the Ohio Department of Commerce, Division of Labor, Bureau of Wage and Hour, claiming that Rapier had violated Ohio prevailing-wage laws.[1] After the director of commerce failed to issue a final determination within 60 days, ABC filed a complaint in the Butler County Court of Common Pleas pursuant to R.C. 4115.16(B) on September 25, 2009.

{¶ 5} On May 6, 2010, Rapier moved for summary judgment, arguing that ABC lacked standing as an "interested party" to pursue a prevailing-wage complaint because it failed to show that any member of its organization bid directly against Rapier for the specific electrical contract on either project.

{¶ 6} On June 1, 2010, ABC filed its memorandum in opposition, arguing that it had standing as an interested party under R.C. 4115.03(F)(4) and that competitive bidding on the same contract within a public-improvement project was not required.

{¶ 7} On August 10, 2010, the trial court granted Rapier's motion for summary judgment, finding that ABC lacked standing, but denied Rapier's request for attorney fees.

---

1. The filing date of ABC's administrative complaint is not clear from the record. The administrative complaint was signed on June 25, 2009, but ABC's civil complaint claimed the complaint was filed on or about July 1, 2009. However, even if ABC's administrative complaint was filed on the latest date of July 1, 2009, the civil complaint was filed on September 25, 2009, which was well beyond the R.C. 4115.16(B) 60-day waiting period.

{¶ 8} ABC raises a single assignment of error for review:

{¶ 9} "The trial court erred when it granted defendant/appellee Rapier Electric, Inc.'s motions for summary judgment in both cases."

{¶ 10} In its sole assignment of error, ABC argues that the trial court erred in granting Rapier's motion for summary judgment on standing, because ABC was an interested party under R.C. 4115.03(F)(4). Specifically, ABC argues that several ABC members submitted bids for various contracts for the public improvement, which grants ABC standing under the statute. ABC further argues that R.C. 4115.03(F) and 4115.16(B) do not require parties to submit a "directly competitive bid on the exact same contract" before attaining interested-party standing.

{¶ 11} An appellate court reviews a lower court's decision to grant summary judgment de novo. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. Summary judgment is proper when there is no genuine issue of material fact remaining for trial, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. See Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. The movant bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once this burden is met, the nonmovant has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id. Likewise, both standing and statutory interpretation are questions of law reviewed de novo on appeal. See *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 23.

{¶ 12} Ohio's prevailing-wage laws are codified in R.C. Chapter 4115. "These provisions generally require contractors and subcontractors for public-improvement projects to pay laborers and mechanics the 'prevailing wage' in the locality where the project is to be performed." *Ohio Valley Associated Builders & Contrs. v. Indus. Power Sys., Inc.*, 190 Ohio App.3d 273, 2010-Ohio-4930, 941 N.E.2d 849, ¶ 14. "[T]he legislative intent of the prevailing-wage law in R.C. Chapter 4115 is to 'provide a comprehensive, uniform framework for * * * worker rights and remedies vis-à-vis private contractors, subcontractors and materialmen engaged in the construction of public improvements in this state.'" Id., quoting *Bergman v. Monarch Constr. Co.*, 124 Ohio St.3d 534, 2010-Ohio-622, 925 N.E.2d 116, ¶ 10. The law's primary purpose "'is to support the integrity of the collective bargaining process by preventing the undercutting of employee wages in the private construction sector.'" *Bergman* at ¶ 10, quoting *Evans v. Moore* (1982), 69 Ohio St.2d 88, 91, 23 O.O.3d 145, 431 N.E.2d 311.

{¶ 13} R.C. 4115.16(A) allows an interested party to file a complaint with the director of commerce alleging a violation of the prevailing-wage law. R.C. 4115.16(B) allows the interested party to file a complaint with the court of common pleas in the county in which the violation allegedly occurred if the director has not ruled on the merits of the complaint within 60 days. R.C. 4115.03(F) defines an "interested party" as follows:

{¶ 14} "(1) *Any* person who submits a bid for the purpose of securing the award of a contract for construction of the public improvement;

{¶ 15} "(2) *Any* person acting as a subcontractor of a person mentioned in division (F)(1) of this section;

{¶ 16} "(3) *Any* bona fide organization of labor which has as members or is authorized to represent employees of a person mentioned in division (F)(1) or (2) of this section and which exists, in whole or in part, for the purpose of negotiating with employers concerning the wages, hours, or terms and conditions of employment of employees;

{¶ 17} "(4) *Any* association having as members *any* of the persons mentioned in division (F)(1) or (2) of this section." (Emphasis added.)

{¶ 18} "Courts have construed the definition of an interested party broadly to further the purposes of the prevailing-wage law." *Internatl. Assn. of Bridge, Structural, Ornamental & Reinforcing Iron Workers, Local 372, AFL–CIO v. Sunesis Constr. Co.,* 183 Ohio App.3d 438, 2009-Ohio-3729, 917 N.E.2d 343, ¶ 5.

{¶ 19} In the case at bar, the trial court found that ABC lacked interested-party standing to bring an action against Rapier pursuant to R.C. 4115.16(A), because ABC's members bid on entirely different contracts from those bid upon by Rapier. Specifically, the trial court stated: "[T]his court interprets the word 'contract' in [R.C. 4115.03(F)(1) ] to mean the contract at issue, and the phrase 'the public improvement' to refer to the specific improvement encompassed by that contract." Thus, it is clear that the trial court applied a restrictive interpretation to the term "interested party" under R.C. 4115.03(F)(1) to afford standing only to parties that submit a directly competitive bid on the same contract within a public-improvement project.

{¶ 20} We first note that the trial court's reliance upon common-law standing principles was inappropriate. "By enacting R.C. 4115.16(B), the Ohio Legislature conferred a specific statutory grant of authority for an 'interested party,' as defined in R.C. 4115.03(F), to file a prevailing-wage action in the common pleas court in the event that the commerce director fails to rule on the administrative complaint within 60 days." *Indus. Power Sys.,* 190 Ohio App.3d 273, 2010-Ohio-4930, 941 N.E.2d 849, at ¶ 21, citing *Sunesis,* 183 Ohio App.3d 438,

2009-Ohio-3729, 917 N.E.2d 343, at ¶ 11. Accordingly, the sole issue is whether ABC is an interested party as defined in R.C. 4115.03(F), "common law standing not withstanding." *Indus. Power Sys.* at ¶ 21. Therefore, we find that the trial court's incorporation of common-law standing in this case was erroneous.[2] But see *N. Ohio Chapter of Associated Builders & Contrs., Inc. v. Barberton City School Dist. Bd. of Edn.*, 188 Ohio App.3d 395, 2010-Ohio-1826, 935 N.E.2d 861, which incorporates both common-law standing and statutory standing in a two-part test.

{¶ 21} Secondly, we reject Rapier's argument that R.C. 4115.03(F)(4) limits the definition of an "interested party" to an association whose member(s) have submitted a bid on the particular contract from which the alleged prevailing-wage violation stems. R.C. 4115.03(F)(1). Such an interpretation is contrary to the broad interpretation other courts have given to R.C. 4115.03(F). See *Indus. Power Sys.* at ¶ 22; *United Bhd. of Carpenters & Joiners of Am., Local Union No. 1581 v. Edgerton Hardware Co., Inc.*, Williams App. No. WM–06–017, 2007-Ohio-3958, 2007 WL 2216964, ¶ 19; *Internatl. Bhd. of Elec. Workers Local Union No. 317 v. Southeastern Elec. Constr.* (Dec. 30, 1986), Gallia App. No. 85 CA 12, 1986 WL 15203.

{¶ 22} In *Indus. Power Sys.*, the Sixth District Court of Appeals held that Ohio Valley Associated Builders and Contractors ("OVABC") could bring a prevailing-wage action on behalf of its member, Westfield Group, which submitted bids for electrical contracts for a public-improvement project. The court held that OVABC had interested-party standing, despite the fact that Westfield Group did not bid on the contract from which the alleged prevailing-wage violation stemmed, namely the HVAC/plumbing contracts. Id., 190 Ohio App.3d 273, 2010-Ohio-4930, 941 N.E.2d 849, at ¶ 24. In so holding, the court concluded that OVABC was "an interested party under the plain language of R.C. 4115.03(F)(1) and (4), since [OVABC] is *any* (of whatever kind) association having as members *any* (of whatever kind) person [Westfield Group] who submitted a bid for the purpose of securing the award of a contract for * * * public-improvement projects." Id. at ¶ 26. (Emphasis sic.)

{¶ 23} Similarly, in the case at bar, the fact that ABC did not bid on Rapier's precise contract does not deny ABC interested-party standing under R.C. 4115.03(F)(4). Like the Sixth District, we "see no legally valid reason to interpret an association's interested-party status pursuant to R.C. 4115.03(F)(4)

---

2. For this same reason, we find it irrelevant whether ABC demonstrated an "injury in fact" as a result of Rapier's alleged prevailing-wage law violations. "Injury in fact" is not part of R.C. 4115.03(F)'s definition of an interested party. Cf. *Indus. Power Sys.*, 190 Ohio App.3d 273, 2010-Ohio-4930, 941 N.E.2d 849, at ¶ 25.

on behalf of its members who submit a bid for the purpose of securing the award of a contract for construction of the public improvement narrowly * * * Aside from being inconsistent with prior precedent, [Rapier's] position is also antithetical to the purpose of the prevailing-wage law." *Indus. Power Sys.*, 190 Ohio App.3d 273, 2010-Ohio-4930, 941 N.E.2d 849, at ¶ 24.

{¶ 24} Moreover, the words used in a statute are to be taken in their usual, normal, and customary meaning. R.C. 1.42. If the words of the statute are plain and unambiguous, we cannot engage in statutory interpretation. See *Edgerton*, 2007-Ohio-3958, 2007 WL 2216964, at ¶ 19. "Any" is defined as "one or some indiscriminately of whatever kind" and is "used to indicate one selected without restriction." Id., quoting Merriam–Webster's New Collegiate Dictionary (10th Ed.1996) 53. As applied to the case at bar, and noting the legislative intent in enacting the prevailing-wage law, we conclude that members of ABC submitted bid(s) on the pertinent overall projects for the purpose of securing "*a* contract for construction of the public improvement." (Emphasis added.) R.C. 4115.03(F)(1). Consequently, ABC is an interested party within the meaning of R.C. 4115.03(F)(4). Therefore, ABC had standing to file a complaint with the director of commerce and subsequently file a complaint in the court of common pleas pursuant to R.C. 4115.16(A)-(B).

{¶ 25} Thus, the trial court erred in granting summary judgment based on ABC's purported lack of standing. Accordingly, ABC's assignment of error is well taken.

{¶ 26} The judgment of the Butler County Court of Common Pleas is reversed, and this cause is remanded for further proceedings consistent with this judgment. Rapier is ordered to pay the costs of this appeal pursuant to App.R. 24.

{¶ 27} The judgment reversed, and the cause is remanded.

Judgment reversed
and cause remanded.

Powell, P.J., concurs.

Bressler, J., dissents.

Bressler, Judge, dissenting.

{¶ 28} I respectfully dissent from the majority's opinion because the trial court correctly found that ABC lacked interested-party standing under R.C. 4115.03(F)(4). Like the trial court, I would reject an interpretation of R.C. 4115.03(F) that grants standing to *any* association having a member that bid on *any* part of a public improvement project to challenge an entirely different contract within that project. In the case at bar, while members of ABC did

submit bids on the HVAC, flooring, and general base contracts, none of its members bid directly against Rapier on the electrical contracts for either project.

{¶ 29} In interpreting R.C. 4115.03(F)(1), the trial court properly declined to interpret the word "contract" in its broadest sense, i.e., every contract bid upon within a particular public-improvement project. Instead, the trial court properly interpreted "contract" to mean "the contract at issue," or in other words, the contract from which the alleged prevailing-wage violation stems. Similarly, the trial court properly declined to interpret the term "public improvement" broadly, when doing so would contradict basic principles of standing, including the common-law requirement that a party possess a "personal stake in the outcome of the controversy." *Middletown v. Ferguson* (1986), 25 Ohio St.3d 71, 75, 25 OBR 125, 495 N.E.2d 380. See also *Griffith v. Cleveland,* 128 Ohio St.3d 35, 2010-Ohio-4905, 941 N.E.2d 1157, ¶ 14; R.C. 1.49.

{¶ 30} While the majority presents a well-reasoned analysis, I do not believe that the General Assembly intended R.C. 4115.03(F) to permit parties lacking direct involvement in a particular contract to file prevailing-wage complaints. Instead, I believe that the General Assembly intended to afford interested-party standing under R.C. 4115.03(F) to a narrower class of litigants, namely, parties that bid on the same contract. This interpretation supports the primary purpose of the prevailing-wage law because parties competing for the same work possess distinct knowledge of their trade, thereby placing them in the best position to prevent the "undercutting of employee wages in the private construction sector." *Bergman v. Monarch Constr. Co.,* 124 Ohio St.3d 534, 2010-Ohio-622, 925 N.E.2d 116, ¶ 10.

{¶ 31} Because the majority's opinion improperly applies a broader interpretation to the definition of "interested party" under R.C. 4115.03(F)(4), I respectfully dissent and would affirm the trial court's decision granting summary judgment to Rapier.